UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFREY CANFIELD, | ) | CASE NO. 1:05 CV 2343 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| Respondent. | ) | |

On October 4, 2005, petitioner pro se Jeffrey C. Canfield
filed the above-captioned petition for a writ of habeas corpus
under 28 U.S.C. § 2254.  Canfield is incarcerated in an Ohio penal
institution, having been convicted, pursuant to a no contest plea,
of rape (4 counts) and sexual battery.  For the reasons stated
below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by
a person in state custody only on the ground that he is in custody
in violation of the Constitution, laws, or treaties of the United
States.  28 U.S.C. § 2254(a).  In addition, petitioner must have
exhausted all available state court remedies.  28 U.S.C. § 2254(b);
Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam);
Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994).  The Court
of Appeals for the Sixth Circuit has determined that "[t]he
exhaustion requirement is satisfied when the highest court in the
state in which the petitioner was convicted has been given a full
and fair opportunity to rule on the petitioner's claims."  Manning
v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations
omitted).

1

Canfield raises four grounds in support of the petition. While these grounds were apparently raised in the Ohio courts, Canfield was denied a delayed appeal to the Ohio Supreme Court, and an application to reopen was denied as untimely by the Ohio Court of Appeals.  See, Petition, pp.3,4.

Although the petition is silent concerning the reason Canfield's motion for delayed appeal was denied by the Ohio Supreme Court, this court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a).  See, Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996).  Thus, in light of this and his untimely application to reopen in the Ohio Court of Appeals, Canfield was procedurally barred from raising and exhausting the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him.  Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986)); see also, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990).  No such showing is even suggested by the petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is

2

no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

                   S/ DAVID A. KATZ   11/23/05

                   _____

                   DAVID A. KATZ
                   UNITED STATES DISTRICT JUDGE