IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY C. CANFIELD,

       Petitioner,      Case No. 3:05 CV 2343

 -vs-

                    <u>MEMORANDUM OPINION</u>

MARGARET BRADSHAW,

       Respondent.

KATZ, J.

   This action is before the Court on Petitioner's objections to the September 12, 2006, Report and Recommendation of the United States Magistrate Judge recommending that the writ of habeas corpus sought by Petitioner filed pursuant to 28 U.S.C. § 2254 be denied. This Court originally entered an order adopting that Report and Recommendation ("R & R") denying the writ on September 29, 2006. (Doc. No. 17). Thereafter, Petitioner filed a motion for clarification and reconsideration due to the fact that he had not received a copy of the R & R. That motion was granted and Petitioner filed his objections on October 30, 2006 and an amendment thereto on November 13, 2006.

   In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which the Petitioner objects. For the reasons stated herein, the Petitioner's writ will be denied.

### I BACKGROUND

The Magistrate Judge, relying upon the Antiterrisom and Effective Death Penalty Act of 1996 ("AEDP"), determined that in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court, the factual findings made by that court in the direct appeal are to be presumed correct. *Keith v. Mitchell,* 455 F.3d 662, 666 (6th Cir. 2006) (*citing* 28 U.S.C. § 2254(e)(1) (2006)). Those findings were set forth by the Court of Appeals of Ohio as follows:

> On February 27, 2002, Petitioner was indicted by the Medina County Grand Jury on four counts of rape with force in violation of OHIO REV. CODE § 2907.02(A)(1)(6) and (A)(2); and one count of sexual battery, in violation of OHIO REV. CODE § 2907.03 (A)(5). Petitioner was charged for acts that allegedly occurred with his daughter from September 1, 1993 through June 1, 1995. The victim was Petitioner's daughter. She was under the age of 13 when the alleged sexual relationship began (Docket No. 13, Exhibit 13).

## II. PROCEDURAL BACKGROUND

The Magistrate Judge's R & R accurately and completely sets forth the procedural background in this case at pages 2 - 4 of her R & R, and the Court will incorporate the same by reference herein.

## III. JURISDICTION

Again, the Magistrate Judge's R & R at pages 4 and 5 clearly sets forth the jurisdictional underpinning with respect to this case and the same will be incorporated herein by reference.

## IV. ANALYSIS AND FIN DINGS

The Magistrate Judge denied Petitioner an evidentiary hearing as not being required under 28 U. S. C. § 2254(e)(2). Having reviewed that section of the R & R and Petitioner's objections thereto, the Court finds that an evidentiary hearing is not required to make the determinations as to whether this Court has jurisdiction, whether the trial or appellate counsel failed to raise cognizable

legal claims or whether the trial court applied the appropriate legal standards. Petitioner claims that there are three grounds for relief: 1) the trial court imposed an actual sentence of incarceration that was inapposite to Ohio Revised Code § 2929.11(b), and thereby violated his equal protection and due process rights; 2) the trial court failed to apply the appropriate statute in adjudicating him a sexual predator; and 3) the trial court erred in overruling his motion to suppress. The Magistrate Judge in her R & R went through a very complete and accurate analysis of those three claims. The Court has reviewed the objections of Petitioner contained in both of Petitioner's filings and finds that there is nothing offered to disturb the conclusions reached by the Magistrate Judge.

Since Petitioner did not present a legal argument in support of his first claim of the trial court's violation of equal protections and due process of law, the same is deemed withdrawn.

With respect to his second ground for relief, that the trial court violated due process and equal protection by erroneously applying the legal standard that became applicable after the commission of his offenses, this Court agrees with the Magistrate Judge that it is not in the province of a federal habeas court to re-examine state court determinations based solely on state law. Therefore, Petitioner's assertion that he should not be considered a sexual predator since such classification was not legally viable at the time of the commission of the offenses is rejected. Being adjudicated as a sexual predator is insufficient to satisfy the "in custody" requirement for habeas jurisdiction.

Next Petitioner asserts that the trial court erred in overruling his motion to suppress. The analysis with regard to exhaustion of remedies in the state courts set forth on page 9 of the R & R is accurate and complete. The arguments that Petitioner submitted to the Court of Appeals and the Supreme Court of Ohio centered upon the same claims as asserted here, that the motion to dismiss

was erroneously decided. Clearly, therefore, those claims have been exhausted. Likewise, Petitioner has also exhausted his state law remedies regarding his claims for ineffective assistance of appellate counsel, which claim was presented to the Ohio Supreme Court in a motion for delayed appeal.

Having determined that those claims were exhausted, the R & R proceeds to analyze the same. Having reviewed that analysis and the objections filed with respect thereto by Petitioner, the Court determines that the analysis set forth in the R & R is accurate and appropriate and the Court will adopt the same. The state trial court's decision to overrule Petitioner's motion to suppress was grounded upon well established precedent.

Lastly, Petitioner contends that he is entitled to a new trial because his counsel on appeal failed to file a copy of the transcript from the suppression hearing. It is asserted that such failure constitutes ineffective assistance of counsel. There is a presumption that appellate counsel's representation was reasonable and there is no evidence which has been presented that the failure to submit the transcript, which was replete with references to Petitioner's sexual relationship with his daughter, should not be attributable to reasonable professional judgment or strategy. Alternatively, Petitioner has failed to demonstrate that the submission of the transcript would have altered the appellate court's decision. Therefore, Petitioner's defense was not prejudiced by the failure to submit the transcript to the appellate court.

Having reviewed the Magistrate Judge's R & R and the statutes and case law supporting the same, and considered the objections filed by Petitioner as reflected in his two filings before this Court, the Court finds that the R & R of the Magistrate Judge accurately reflects the facts and law and the appropriate application of both in this case. It is, therefore

ORDERED, that the Report and Recommendation be, and hereby is, adopted as the Order of this Court.

FURTHER ORDERED that under 28 U.S.C. §1915(a), an appeal of this case should not proceed *in forma pauperis* as it would not be taken in good faith.

FURTHER ORDERED that a motion for certificate of probable cause under 28 U.S.C. §2253 is hereby denied *sua sponte*.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE