IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY C. CANFIELD,

                Petitioner/Appellant,      Case No. 3:05 CV 2343

-vs-

                                                     O R D E R

MARGARET BRADSHAW,

                Respondent/Appellee.

KATZ, J.

This matter is before the Court on remand from the U.S. Court of Appeals for the sixth Circuit. This Court adopted the Report and Recommendation of the Magistrate Judge on January 31, 2007 (Doc. 16, 26). Petitioner Jeffrey C. Canfield thereafter sought a certificate of appealability ("COA") (Doc. 28-31), or so it was construed by the Circuit, on the basis of five grounds for relief: (1) improper sentencing by the trial court, (2) the evidence presented at his sexual predator classification hearing was insufficient, (3) the trial court erred in overruling his motion to suppress, (4) ineffective assistance of appellate counsel for failure to file a copy of the suppression hearing transcript with the appellate court, and (5) ineffective assistance of trial counsel for allowing Petitioner to plead no contest to the charges when the evidence against him would allegedly have been insufficient to support a finding of guilt beyond a reasonable doubt. (*Canfield v. Bradshaw*, Case No. 07-3232 (6th Cir. Sept. 7, 2007) (Doc. 31).

The Circuit denied a COA on the first, second, and fourth claims. In denying a COA on the basis of the third claim, the Circuit wrote the following:

> In his third claim, Canfield asserted that the trial court erred in overruling his
> motion to suppress statements Canfield made to the police, on the basis [that] they

> were not voluntary and he was not advised of his rights. A reviewing court determines whether or not a defendant is in custody by considering "the objective circumstances of the interrogation," rather than "the subjective views harbored by either the interrogating officers of the person being questioned." *Stansbury v. California*, 511 U.S. 318, 323 (1994). Here, the record indicates that Canfield was not in custody when he made the incriminating statements to the police; thus, the police were not constitutionally bound to advise him of his rights. Canfield was not placed under arrest, he was not handcuffed, and he was not told he had to go with the officers for questioning. On the way to the police station and before he was questioned, police repeatedly told Canfield he was not under arrest and he acknowledged that he knew he was not under arrest. Accordingly, the state court's decision to deny the motion to suppress the statements made to the police was not contrary to clearly established federal law or an unreasonable application of the law to the facts of the case.

*Id.* at 2. Finally, the Circuit remanded the fifth claim to this Court because "[i]t [did] not appear . . . that the district court addressed the reasonableness of counsel's performance in the context of Canfield's plea." *Id*.

Petitioner did not provide support for this claim in his objections to the Magistrate's Report and Recommendation, except to list it on the first page along with the other objections for which he did provide support. (Doc. 22.) Neither did he provide support in an earlier filed motion for reconsideration, again except to list it. (Doc. 6 at pg. 4.) He did raise the issue in a March 16, 2006 application to reopen his direct appeal before the Ohio Court of Appeals. (Doc. 13-9.) Petitioner also raised the issue in his original federal petition for writ of habeas corpus as ground five, writing the following:

> GROUND FIVE:
>
> IS COMPLIANCE WITH DUE PROCESS, THE EFFECTIVE ASSISTANCE OF COUNSEL, AND THE EQUAL PROTECTION OF THE LAW VIOLATED, WHEN COUNSEL PERMITTED PETITIONER TO ENTER A PLEA OF NO CONTEST TO ALL COUNTS OF THE INDICTMENT WHEN THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT A FINDING OF PETITIONER'S GUILT BEYOND A REASONABLE DOUBT?

> Sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to a jury or whether the evidence is legally sufficient to support a jury verdict as a matter of law.
>
> Petitioner was indicted on four counts of Rape in violation of O.R.C. §2907.02 and, one count of Sexual Battery in violation of O.R.C. §2907.03. The only evidence to suggest that the petitioner engaged in any form of sexual conduct with his daughter . . . was the petitioner's own statement which the petitioner contends [was] involuntarily given. Even absent that fact, the statements given [do] not constitute the four counts of Rape alleged in the indictment. The State had no evidence other than the involuntary confession of petitioner concerning the allegations in this case.

Petition at 6-F, Doc. 1 at pg. 14.

As the above text demonstrates, the alleged insufficiency of evidence on which Petitioner's claim of ineffective assistance of trial counsel is premised refers to the confession he gave police and which was used to convict him and which is alleged to have been given involuntarily. This Court and the Circuit Court have noted that Petitioner was not in custody when he made his statements to the police, and Petitioner acknowledged that he was not under arrest. Petitioner seems to argue, however, that even if the confession was voluntary, it does not constitute sufficient evidence to convict him, and his counsel was ineffective in advising Petitioner to plead no contest in light of that evidence.

As Defendant Warden Bradshaw argued in the answer and return of writ before the Magistrate (Doc. 13 at pg. 16-17), this claim was not properly part of the federal habeas petition because it was raised before the state appeals court only in an application for reopening. The appropriate issue for consideration by an appeals court on a motion to reopen is ineffective assistance of *appellate* counsel, not trial counsel. Petitioner therefore failed to fairly present his federal constitutional claim to the state courts in the manner required by state procedural law, and

the claim is therefore procedurally defaulted pursuant to *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) and *Wainwright v. Sykes,* 433 U.S. 72 (1977).

Petitioner must therefore meet the standard of *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  This test requires the court to determine whether (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state courts actually enforced the procedural sanction; (3) the state procedural bar is an adequate and independent state ground on which the state can foreclose federal review; and (4) the petitioner can demonstrate cause for not complying with the procedural rule and actual prejudice resulting from the alleged constitutional error. *Id. See, also, Reynolds v. Berry*, 146 F.3d 345, 347 (6th Cir. 1998).

The first prong is met, as described above, because the ineffective assistance of trial counsel claim was not fairly and properly presented to the state courts.  The second prong is met because the state courts denied the application to reopen as untimely.  In Petitioner's appeal of that denial to the Ohio Supreme Court, the Supreme Court dismissed the appeal as not involving any substantial constitutional question. *State of Ohio v. Canfield*, Case No. 05-0889 (Ohio June, 2005) (Doc. 13, Ex. 24).  The third prong is met because the state procedural rule serves the state's interest in finality and ensuring that claims are adjudicated at the earliest possible opportunity. *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).  Finally, Petitioner cannot show the cause and prejudice required to overcome the fourth prong.  Petitioner has shown no reason that he could not have raised the issue of ineffective assistance of trial counsel in his initial appeal as opposed to in the motion to reopen.  Further, it is reasonable to think that Petitioner's trial counsel evaluated the consequences of pleading not guilty as opposed to no contest, but considered a voluntary confession by Petitioner to be very

strong evidence against him. That his trial counsel favored a no contest plea seems reasonable under the circumstances, and Petitioner has failed to show cause or prejudice resulting therefrom.

For these reasons, the writ is denied as to this claim, and a certificate of appealability could not be taken in good faith and is hereby denied.

IT IS SO ORDERED.

      s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE